# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TYRONE DAVIS SMITH,

      Plaintiff,

      v.                                                             Case No. 07-C-823

JOHN HUSZ, TROY HERMANS,
MS. BASTEN, MR. KOREMENOS,
OFFICER COOK, OFFICER HANDY,
SGT. TREMINS, SGT. WIGGINS, and
OFFICER KHAN,

      Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
IN FORMA PAUPERIS (DOC. #2), DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (DOC. #3), DENYING PLAINTIFF'S MOTION
TO AMEND/CORRECT COMPLAINT (DOC. #5), DENYING PLAINTIFF'S MOTION
TO AMEND COMPLAINT (DOC. #6), DENYING PLAINTIFF'S MOTION
TO AMEND COMPLAINT (DOC. #7 and #9), AND GRANTING PLAINTIFF 30 DAYS
TO FILE AN AMENDED COMPLAINT

      This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis* on his pro se civil rights complaint filed under 42 U.S.C. § 1983. The plaintiff has been assessed and paid an initial partial filing fee of $1.67.

      Complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity require screening. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). Therefore, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint has to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court is to accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must charge: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to

2

give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was incarcerated at the Milwaukee Secure Detention Facility (MSDF) at all times relevant. And, the defendants are: John Husz, MSDF Warden; Troy Hermans, MSDF Unit Manager; Ms. Basten, MSDF Business Office Supervisor; Mr. Koremenos, MSDF Business Office Specialist; Officer Handy, MSDF Mailroom Officer; Officer Cook, MSDF Mailroom Officer; Sgt. Tremons; Sgt. Wiggins; and Officer Khan.

The complaint sets forth the three following claims.

## 1. Loss of Writ of Certiorari (Mail) Claim

The plaintiff alleges that the mailroom mishandled and lost a writ of certiorari that he attempted to mail from MSDF to the Milwaukee County Circuit Court. The plaintiff discovered that his writ was never mailed when, on April 4, 2007, he received a letter from a deputy clerk of that court indicating that the court had not received it. After the plaintiff filed an offender complaint, the Inmate Complaint Examiner concluded that the mailroom never sent the plaintiff's writ to the court because "it was lost at some point between the Business Office and the mailroom." (Compl. at 14.)

The plaintiff claims:

> As we know, such actions or inactions on behalf of the employees of Business Office and mailroom, are explicitly and implicitly dereliction of duty and gross negligence. There's no excuse for one in such positions not to perform a duty that is required of them (or their office/department); their actions and inactions has depreciated the value of public trust and diminished law. Their actions and inactions has amounted to a constitutional or governmental tort, which plaintiff contends is actually an intentional tort. These tortful actions or inactions has caused plaintiff undue harm, and the tortfeasors must be held joint and several liable for failing in their responsibilities.

3

(Compl. at 13.) The plaintiff further claims that regardless of who may be at fault, the Business Office or the mailroom, shifting blame will not solve the problem. According to the plaintiff, since it was never determined who the real culprit is, all of the defendants, whether directly or indirectly involved, are personally responsible, including defendant Warden Husz. "All involved in this issue, while performing or acting in their official capacities, acted under color-of-state-law, intentionally conspiring (i.e., meeting-of-the-minds) to deprive plaintiff of a secured constitutional and fundamental right by treating him with deliberate indifference and cruel and unusual punishment, only because he is clothed in incarcerated persons/prisoner's clothing, is blameworthy of breach of trust and breach of contract." (Compl. at 15.)

**2. Denial of Notary Claim**

On March 16, 2007, the plaintiff requested that defendant Hermans notarize his Motion to Department of Corrections to Forward Payments to the Clerk of Courts. However, defendant Hermans failed to perform his duty as notary because he did not notarize the plaintiff's paper. Apparently, the plaintiff filed the paper with the court anyway inasmuch as he received a letter from a deputy clerk stating that his Authorization was being returned to him because he did not sign and date the form before a notary public. The plaintiff was advised to re-sign the form in front of a notary and to file it before April 1, 2007. He requested an extension of time to file the writ which was received by the court on April 4, 2007.

The plaintiff claims that defendant Hermans' actions trampled his constitutional and fundamental secured rights as a citizen and incarcerated person, and that this was an intentional and unprofessional act by Hermans. According to the plaintiff,

4

defendant Hermans knew or should have known that he "had no standings to deny plaintiff this needed right, and in upon doing so, denied plaintiff an equal right to be treated as any ordinary incarcerated person/prisoner in the same or like circumstance or condition, bestowing him with cruel and unusual punishment not due him, which amounts to none other than deliberate difference." (Compl. at 16.) According to the plaintiff, Hermans' actions caused undue harm,

> including mental anguish, emotional distress, and frustration (amongst other psychological issues) – especially upon plaintiff's worries of whether his Writ (and other legal documents) would be filed in enough time to meet the 45-day statutorial limitations for filing of such documentations; in order to apply some assurance to this, he had to unexpectedly and quickly prepare a motion for extension of time to file Writ of Certiorari; which still made to the court past the April 1, 2007 deadline. Nevertheless, that date was a Sunday, which would legally roll the time limit to the next business day; anyway, regardless of the fact the envelope was postmarked on April 2, 2007, the legal deadline date, the plaintiff contends the fact that he should have never had try to meet this close deadline, because his notary was requested in a sufficient enough time beforehand to avoid such situation as this – and he should not have to suffer such treatment as this.

(Compl. at 17-18.)

### 3. Denial of Access to the Courts Claim

On March 12, 2007, the plaintiff requested that defendant Tremins sign him up to use the law library and Tremins told the plaintiff that he was signed up. However, the following day when the plaintiff asked to use the library, Sgt. Wiggins told him he was not signed up and denied him access to the facility. The plaintiff advised Sgt. Wiggins that Sgt. Tremins informed him that he and inmate Charles Dickins had been scheduled to use the law library the previous day and were told they were eligible for use the next day.

5

> The plaintiff claims that:
>
> > Sgt. Wiggins was suited or clothed with the authority to allow plaintiff his right and legal access to law library after her finding out – especially through her own officer/colleague – that plaintiff had actually requested use of law library by the book, that it was only on part (or by hands) of another corrections employee/sergeant that plaintiff wasn't signed up; hence, no inmate shouldn't and mustn't be held responsible or suffer for the negligence or mistake of a corrections officer failing in his/her duties. Furthermore, if it hadn't been for this failure, plaintiff would've gained access to the law library; additionally, if it hadn't been for Sgt. Wiggins' abuse of power, plaintiff wouldn't have suffered a deprivation of his due process and constitutional rights. Officer (COII) Khan also had a duty, his duty was to assure that once an inmate request use of law library, that that inmate request is recorded – this was Khan's duty as floor officer.

(Compl. at 19-20.)

**4. Analysis**

The plaintiff contends that the mailroom lost a piece of his outgoing mail, that defendant Hermans refused to notarize his Authorization, and that defendant Wiggins would not let him go to the law library on a day that he was signed up to go. He mentions a "conspiracy" and at the same time acknowledges that someone "lost" his mail due to their dereliction of duty and gross negligence. The plaintiff claims that he suffered needless psychological distress as a result of having to get his Authorization notarized so close to the filing deadline after defendant Hermans would not notarize it the first time. There is no indication that any lawsuit of the plaintiff's was prejudiced as a result of being denied access to the law library for one day.

Negligence is not enough to sustain a claim under 42 U.S.C. § 1983. *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir. 1994); *see also Antonelli v. Sheahan*, 81 F.3d

1422, 1429 (7th Cir. 1996). To state a cognizable access to the courts claim, a complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006) (citing *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006)). However, here the plaintiff has provided no arguable basis for relief inasmuch as he has failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)). Hence, the plaintiff's negligence claim will be dismissed.

**ADDITIONAL MOTIONS**

On September 13, 2007, the plaintiff filed a motion for summary judgment which is not appropriate at this stage of the case because the defendants have not yet been served with the complaint. Thus, the plaintiff's motion will be denied.

The plaintiff has filed three motions to amend the complaint. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

7

Case 2:07-cv-00823-AEG    Filed 12/19/07    Page 7 of 12    Document 10

In his first motion, filed on October 10, 2007, the plaintiff seeks to change the caption of the complaint to read "TYRONE DAVIS SMITH (aka ABDULLA-WAKEEL-NASSIR)." The plaintiff asserts that he is now in the process of filing required documents to legally change his name to his desired Islamic name. In the second motion to amend, filed on October 16, 2007, the plaintiff seeks to amend the "Parties and their Duties" section of the complaint to read: "Defendants Tremins, Wiggins, and Khan allowed their superior(s) a fiduciary duty and owed plaintiff a duty of reasonable care in carrying out their obliged duties by honoring plaintiff request - access - to the law library." The plaintiff filed his third motion to amend on November 16, 2007. This request seeks to amend the complaint as follows:

> a) To enjoin state claims with federal claims in § 1983 Civil Action for adjudication by this court, which'll save plaintiff time and money from filing same claim on state levels Wis. Stats. 843.05 allows claims to be enjoined;
>
> b) To add claim of retaliation against because they intentionally lost/destroyed plaintiff's Writ of Certiorari/Mail because he was exercising his constitutional right to have courts review his revocation of criminal case no. 1993CF931935, their adverse actions were directly related to plaintiff's protected conduct; and
>
> c) To add (or clarify) mail claim under federal statute that prohibits the intentional destruction, misplacement, tempering, etc. of inmates' mail for their filing pleadings, motions, writs, or other documents with the courts, in which they have constitutional rights to have access to courts by filing documents.

(Pl.'s Mot. to Amend of Nov. 16, 2007, at 1-2.)

The plaintiff's fourth motion to amend, filed December 18, 2008, seeks to add facts concerning defendants who were directly or indirectly involved with his mail/writ of certorari.

This district's Local Rules provide:

> A motion to amend a pleading must specifically state in the motion what changes are sought by the proposed amendments. Any party submitting a motion to amend must attach to the motion the original of the proposed pleading. Any amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any propr pleading by reference. If the motion to amend is granted, the clerk must then detach the amended pleading and file it when the order granting the motion to amend is filed.

Civil L.R. 15.1 (E.D. Wis.). Although the December 18, 2007, motion includes the plaintiff's observations of November 28, 2007, regarding leal mail issued by the Green Bay Correctional Institution, the plaintiff has not submitted a proposed amended complaint along with his any of motions to amend. Thus, his motions to amend the complaint will be denied. However, the plaintiff will be given 30 days to file an amended complaint. The plaintiff is advised that his proposed amended complaint should not include the claims set forth in his original complaint, because the court has already determined that these do not state a claim.

The plaintiff's third motion to amend references retaliation and may state a claim. Thus, the plaintiff will have the opportunity to file an amended complaint with regard to this claim. The plaintiff is advised that the amended complaint must indicate how each defendant was personally involved in the claim. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless

9

the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Also, supervisory responsibility of a warden is not sufficient to establish personal liability for an isolated failure of a subordinate to carry out prison policies, unless the subordinate acted or failed to act based on the supervisor's instructions. *Steidl v. Gramley,* 151 F.3d 739, 741 (7th Cir. 1998).

If the plaintiff wishes to proceed on a retaliation claim, he must file an amended complaint within 30 days of this order. Failure to file an amended complaint within the time allowed will result in dismissal of this action.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (citations omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. For the reasons set forth above,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Doc. #3) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correct complaint (Doc. #5) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend complaint (Doc. #6) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend complaint (Doc. #7) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend complaint (Doc. #9) is denied as moot.

**IT IS FURTHER ORDERED** that the plaintiff may file an amended complaint, as described herein by January 17, 2008. Failure to file an amended complaint Bay January 17, 2008, will result in dismissal of this case.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.33 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant

Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U.S. District Judge

12

Case 2:07-cv-00823-AEG   Filed 12/19/07   Page 12 of 12   Document 10