UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**TYRONE DAVIS SMITH,**

    **Plantiff**,

    v.                                        Case No. 07-CV-823

**JOHN HUSZ, et al.,**

    **Defendants.**

---

### ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

---

    The plaintiff, Tyrone Davis Smith, who was a prisoner at the Milwaukee Secure Detention Facility (MSDF) at all times relevant, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He was granted leave to proceed in forma pauperis on retaliation and conspiracy claims based on allegations set forth in the January 24, 2008 amended complaint. On August 14, 2009, this court granted the defendants' motion for summary judgment and denied the plaintiff's motion for summary judgment. Judgment was entered dismissing this action on the same day. The plaintiff has filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which will be addressed herein.

    A motion to alter or amend judgment filed pursuant to Rule 59(e) may be granted for three limited purposes in federal civil litigation: newly discovered evidence; an intervening change in controlling law; or a manifest error of law. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998); Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). A motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment. LB Credit

Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995) (citing Anderson v. Flexel, Inc., 47 F.3d 243, 247-48 (7th Cir. 1995)).

In his motion to alter or amend judgment, the plaintiff first argues that the court erred in denying his motion for summary judgment because it is undisputed that the defendants denied him access to the courts in retaliation for his filing of a writ of certiorari.  Second, the plaintiff contends that the court erred in granting the defendants' motion for summary judgment because the defendants knew or should have known about the retaliation and because they worked together to retaliate against him.   In response, the defendants argue that the plaintiff's motion to alter or amend the judgment should be denied because he does not present any newly discovered evidence or a manifest error of law.  Rather, the defendants contend that the plaintiff's arguments are an attempt to re-litigate issues previously decided.

Plaintiff's Summary Judgment Motion

Upon screening the complaint, the plaintiff was allowed to proceed on his claim that the defendants retaliated against him for attempting to file a writ of certiorari in January of 2009.  He was not allowed to proceed on an access to the courts claim.  In his motion for summary judgment, the plaintiff advanced an access to the courts claim.  Since the plaintiff was only allowed to proceed on a retaliation claim, the motion for summary judgment based on an access to the courts claim was denied.  In denying the plaintiff's motion for summary judgment, the court ruled on all of the arguments presented in the plaintiff's motion to amend or alter the judgment.  The plaintiff has not shown that the court's denial of his summary judgment motion was a manifest error of law.  Accordingly, his Rule 59(e) motion with respect to the court's decision denying his summary judgment motion will be denied.

Defendants' Summary Judgment Motion

The plaintiff also challenges the court's decision granting the defendants' motion for summary judgment, in which the court ruled as follows.  First, the court found that defendants Husz, Raemisch, Tremins, and Basten lacked personal involvement because they were not aware of the plaintiff's current or

previous court actions and did not in any way participate in the actions the plaintiff claims constituted the retaliation. Second, the court found that the plaintiff failed to establish a retaliatory motive for any defendant. Third, the court found it was undisputed that defendants Cook, Handy, and Koremenos had no knowledge of the plaintiff's legal documents when the writ was lost between the mail room and business office. Finally, the court found no need to address the issue of conspiracy because there was no underlying claim to provide a basis of liability.

In his motion to alter or amend, the plaintiff first claims that because some individual defendants knew or should have known that he was preparing to file a writ of certiorari, the entire facility should have been on notice. The plaintiff also claims that because all the defendants were or should have been aware of his intent to file a writ of certiorari, all of the named defendants conspired to deny him access to the courts as retaliation. However, as the court explained in its summary judgment decision, there is no respondeat superior liability under § 1983; a plaintiff must demonstrate that supervisory officials are personally responsible for alleged deprivations. See Monell v. Dep't of Soc. Serv's, 436 U.S. 658, 694 (1978); Antonelli v. Sheahan, 81 F.3d 1422, 1428 (7th Cir. 1996).

The plaintiff has not submitted newly discovered evidence. All arguments raised in his motion have already been considered by the court in granting the defendants' motion for summary judgment. The plaintiff has not shown that the court made an error of law in ruling for the defendants and, therefore, his motion to alter or amend the judgment will be denied.

**NOW, THEREFORE IT IS HEREBY ORDERED** that the plaintiff's motion to alter or amend judgment (Docket No. 74) is **denied**.

Dated at Milwaukee, Wisconsin this 24th day of November, 2009.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge